█ In the Matter of WADE WHITFIELD, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [29 NYS3d 287]—

Order of respondent State Division of Human Rights (DHR), dated November 4, 2013, which adopted the recommended order of an Administrative Law Judge (ALJ), dismissing petitioner's disability discrimination complaint against respondent Department of Education (DOE), unanimously confirmed, the petition denied, and the proceeding (transferred to this Court by order of Supreme Court, New York County [Carol E. Huff, J.], entered July 17, 2014), dismissed, without costs.

Substantial evidence supports DHR's determination that petitioner did not suffer from a disability for purposes of his claim under the New York State Human Rights Law (State HRL) (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). The orthopedist who examined petitioner opined that the most petitioner could lift was 40 pounds. In his hearing testimony, however, petitioner acknowledged that most students in District 75, where he was employed as a paraprofessional, weighed more than 40 pounds. DOE witnesses testified that, due to the fact

that all students in District 75 were disabled, there were no District 75 paraprofessional positions that did not require an ability to lift more than 40 pounds. The ALJ credited this testimony and those factual determination are entitled to "substantial deference" (*Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.*, 71 NY2d 623, 630 [1988]). Furthermore, given petitioner's medically prescribed weight limitations, the DHR properly determined that there was no "reasonable accommodation that would have enabled [petitioner] to perform the essential functions of his or her position" (*Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 838 [2014]; *see* Executive Law § 292 [21]).

The record further demonstrates that DOE did attempt to accommodate petitioner by encouraging him to apply for an extension of his leave of absence. The principal of the school where petitioner was employed testified that petitioner's medical limitations would have qualified him for an extended leave of absence, and his application would have been approved, had he applied. Petitioner inexplicably refused to apply for an extended leave of absence, however, despite being repeatedly urged to do so by the principal and other DOE representatives.

Plaintiff's proposed disability discrimination claims under the Americans with Disabilities Act (ADA) are similarly unavailing, since "ADA claims 'are governed by the same legal standards' as disability discrimination claims under the State HRL" (*Garcia v City Univ. of N.Y.*, 136 AD3d 577, 578 [1st Dept 2016], quoting *Pimentel v Citibank, N.A.*, 29 AD3d 141, 147 n 2 [1st Dept 2006], *lv denied* 7 NY3d 707 [2006]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.